The Honorable Senator Kelly Kultala State Senator, 5th District State Capitol, Room 124-E Topeka, Kansas 66612
 The Honorable Marti Crow State Representative, 41st District Docking State Office Building Topeka, Kansas 66612 *Page 2 
Dear Senator Kultala and Representative Crow:
You indicate that the Secretary of Agriculture has announced that, due to budget cuts, the Department of Agriculture will no longer inspect lodging establishments pursuant to the Food Service and Lodging Act (Act).[1] You inquire whether cities and counties can utilize their home rule authority to regulate lodging establishments by requiring licenses, establishing license fees, and imposing civil penalties for violations of ordinance/resolutions establishing safety and sanitary standards.
Before addressing whether cities and counties can regulate lodging establishments, it is necessary to understand the Act.
The Food Service and Lodging Act
The Act requires that a person engaging in the business of operating a lodging establishment (e.g. hotels, motels[2]) secure a license from the Secretary of Agriculture.[3] The license application is accompanied by a license fee[4] and the premises are inspected prior to issuance of the license to ensure that the establishment complies with safety and sanitation standards promulgated by the Secretary.[5]
The Secretary may require corrective action for violations of the Act and regulations promulgated pursuant to the Act, including the safety and sanitation standards. Additionally, the Secretary may also impose civil penalties.[6] All fees and civil penalties are deposited in the state treasury to the credit of the state general fund.[7]
Inspections occur at initial licensure and upon annual license renewal.[8] The Secretary may contract with cities and counties to act as the Secretary's agent in inspecting lodging establishments for compliance with the safety and sanitation standards.[9]
Inspections and notices of noncompliance issued by a city or county have the same force and effect as if done by the Secretary.[10] *Page 3 
City and County Home Rule
Cities enjoy constitutional home rule authority "to determine their local affairs and government."[11] Counties also enjoy similar home rule authority by virtue of K.S.A. 2009 Supp. 19-101a which authorizes counties to "transact all county business and perform all powers of local legislation and administration," subject to certain statutory limitations.[12]
Pursuant to home rule — which includes a municipality's inherent police powers[13] — both cities and counties may regulate businesses such as lodging establishments provided that local legislation is neither clearly preempted by state law[14] nor conflicts with state law.[15]
Preemption
The State can preempt cities and counties from acting in a particular area by clearly preempting local legislation.[16] One of the ways of doing so is by enacting a uniform law:
 The legislature with some frequency has pre-empted home rule by passage of uniform laws that also contain pre-emptive language. Some uniform laws, however, do not need to contain any pre-emptive language because, by simply prohibiting actions like the levying of certain types of tax or the licensure or regulation of certain activities, they expressly forbid local action in the area.[17] *Page 4 
Whether the State has preempted the field of regulating lodging establishments to the exclusion of local legislation depends upon the language, the purpose, and scope of the Food Service and Lodging Act.[18] While the Act applies uniformly to all cities and counties, it does not prohibit such municipalities from licensing and regulating lodging establishments.
In fact, the Act recognizes that cities and counties may enact ordinances and resolutions prescribing safety and sanitation standards for such establishments.[19]
K.S.A. 2009 Supp. 36-506(b) provides, in part:
 The standards promulgated pursuant to the rules and regulations adopted hereunder shall be designed to ensure the health, comfort and safety of the guests in lodging establishments. [Such] standards shall be applicable uniformly throughout the state . . . [Any] provision of an ordinance or resolution of any municipality prescribing safety and sanitation standards for lodging establishments which does not conform to the minimum standards promulgated by the secretary . . . shall be null and void; but nothing herein shall be construed as precluding any municipality from establishing by ordinance or resolution standards which are more stringent than those established by the secretary.[20]
Clearly, the Act does not preempt regulation of lodging establishments by cities and counties provided the municipal safety and sanitation standards conform to the Secretary's minimum standards or are more stringent than the Secretary's standards.
Conflict
Local legislation conflicts with state law if the legislation permits something that is forbidden by statute or if the legislation prohibits an activity that state law permits.[21] The fact that state law addresses a particular subject does not preclude a city or county from legislating on the same subject. *Page 5 
In Hutchinson Human Relations Commission v. Midland CreditManagement, Inc.[22] the Kansas Supreme Court reviewed the City of Hutchinson's anti-discrimination ordinance in the context of an action by the Commission to enforce a settlement agreement with Midland Credit.
Midland Credit argued — unsuccessfully — that the Kansas Act against Discrimination (KAAD) both preempted the City's ordinance and that the latter conflicted with the KAAD. The Court found that while the ordinance and the KAAD related generally to the same subject, they did not conflict:
 In Leavenworth Club Owners Assn. v. Atchison, [citation omitted], we held that `generally, a municipal regulation which is merely additional to that imposed by state law cannot be said to create a conflict therewith.'
 Generally, speaking, a municipal regulation which simply adds to or complements state law may not be said to create a conflict therewith unless the statute has limited the requirements to its own prescription.[23]
Cities and counties can license and regulate lodging establishments provided the local legislation does not conflict with the Food Service and Lodging Act. However, such municipalities should be mindful that the Secretary's safety and sanitation standards will trump local standards unless the latter are more stringent.[24]
Imposing Licensing Fees and Fines
Finally, you inquire whether cities and counties can impose and collect licensing fees and penalties for failure to comply with local regulatory provisions.
The Secretary of Agriculture collects license fees which are deposited with the state treasurer to the credit of the state general fund.[25] Civil penalties collected by the Secretary are also remitted to the state treasurer to the credit of the state general fund.[26] *Page 6 
Should a city or county require a local license to operate a lodging establishment in addition to the state license, such municipality can impose and collect license fees.[27] Moreover, cities and counties may impose and collect fines for violations of local legislation.[28] Such funds can be used to support the regulatory programs.[29]
Sincerely,
 Steve Six Attorney General
 Mary Feighny Deputy Attorney General
SS:MF:jm
[1] K.S.A. 36-515c.
[2] K.S.A. 2009 Supp. 36-501(d).
[3] K.S.A. 2009 Supp. 36-502.
[4] K.S.A. 2009 Supp. 36-502(c).
[5] K.S.A. 2009 Supp. 36-502(a); 36-506. See safety and sanitary standards at: http://www.ksda.gov/includes/statute_regulations/food_safety/ FoodSafetyandLodging.pdf
[6] K.S.A. 2009 Supp. 36-515b.
[7] K.S.A. 2009 Supp. 36-512(a); 36-515b(e).
[8] K.S.A. 2009 Supp. 36-502; K.S.A. 36-505.
[9] K.S.A. 2009 Supp. 36-510.
[10] Id.
[11] Kan. Const., Art. 12, § 5(b).
[12] K.S.A. 2009 Supp. 19-101a. See also K.S.A. 19-101.
[13] Sedgwick County v. Burnison,916 P.2d 1308 (Kan. App. 1996) (unpublished) (county, as extension of State, may regulate certain businesses in the exercise of police powers.) McCarthy v. City of Leawood, 257 Kan. 566, 584 (1995);Moody v. Board of Shawnee County Comm'r,237 Kan. 67, 70 (1985); City of Baxter Springs v. Bryant,226 Kan. 383, 393 (1979); Delight Wholesale Co. v. City ofOverland Park, 203 Kan. 99, 102 (1969); Heim, Home Rule Powerfor Cities and Counties in Kansas, 66 J. Kan. Bar Ass'n 26, 29 (1997).
[14] Zimmerman v. Board of County Comm'r,218 P.3d. 400 (2009) (Court rejects argument that state law preemption of a particular field can be implied; preemption must be expressed by clear statement in the law.) Seealso McCarthy v. City of Leawood, 257 Kan. 566, 578 (1995).
[15] McCarthy v. City of Leawood, 257 Kan. 566, 569 (1995);Missouri Pacific Railroad v. Board of Greeley County Comm'r,231 Kan. 225, 227 (1982). For counties, there is a thirdcaveat in that the legislature has prohibited counties from legislating in certain situations identified in K.S.A. 19-101a. Regulating lodging establishments is not listed.
[16] Note 14.
[17] Heim, Home Rule: A Primer, 74 J. Kan. Bar Ass'n 26, 31-32 (2005); Heim, Home Rule Power for Cities andCounties, 66 J. Kan. Bar Ass'n 26, 35 (1997).
[18] State ex rel. Kline v. Board of Comm'rs of Unified Gov't ofWyandotte County, 277 Kan. 516, 530 (2004), citing MissouriPacific Railroad v. Bd. of Greeley County Comm'rs,231 Kan. 225, 228 (1982).
[19] K.S.A. 2009 Supp. 36-506(b).
[20] Emphasis added.
[21] Missouri Pacific Railroad v. Board of Greeley CountyComm'r, 231 Kan. 225, 227 (1982); McCarthy v. City ofLeawood, 257 Kan. 566, 577 (1995), citing City of JunctionCity v. Lee, 216 Kan. 495, 501 (1975).
[22] 213 Kan. 308 (1973).
[23] 213 Kan. at 314. See City of Junction City v. Lee,216 Kan. 495 (1975). See also Heim, Home Rule Power forCities and Counties, 66 J. Kan. Bar Ass'n 26, 39-40 (1997); Heim,Home Rule: A Primer, 74 J. Kan. Bar Ass'n 26, 32 (2005) .
[24] K.S.A. 2009 Supp. 36-506(b).
[25] K.S.A. 2009 Supp. 36-502(c); 36-512(a).
[26] K.S.A. 2009 Supp. 36-515b(e).
[27] Kan. Const., Art. 12, § 5(b); K.S.A. 2009 Supp. 12-194(a)(2); K.S.A. 19-101; K.S.A. 2009 Supp. 19-101a.
[28] Kan. Const., Art. 12, § 5(b); K.S.A. 12-4305; K.S.A. 19-101d;19-101e.
[29] But see K.S.A. 19-101e(c). *Page 1